# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Tracy W.,
**Petitioner Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0215** (Mineral County 09-C-56)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tracy W.,[1] by counsel Jonathan G. Brill, appeals the Circuit Court of Mineral County's February 2, 2016, order denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in denying his habeas petition without conducting an evidentiary hearing and in failing to find that he received ineffective assistance of counsel and involuntarily entered a guilty plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2007, petitioner was indicted on five counts of sexual abuse by a custodian, three counts of sexual abuse in the first degree, and two counts of sexual assault in the first degree. Subsequently, in a separate case, petitioner was indicted on six counts of failure to register as a sex offender and five counts of soliciting a minor via computer. Petitioner entered into a plea agreement whereby he pled guilty to two counts of sexual abuse by a custodian and one count of sexual abuse in the first degree in exchange for dismissal of the remaining charges and cases. In June of 2008, petitioner was sentenced to ten to twenty years on each count of sexual abuse by a custodian and five to twenty-five years on the sexual abuse in the first degree count. The sentences were ordered to run consecutively.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Petitioner filed a pro se petition for writ of habeas corpus in the circuit court. Following appointment of counsel, petitioner filed an amended petition on April 21, 2014, alleging that he was denied effective assistance of trial counsel, that his plea was not entered voluntarily or willingly, prosecutorial misconduct, excessive bail, and that petitioner was denied his right to appeal. The circuit court did not hold an evidentiary hearing; instead, finding each ground to be meritless, it denied the request for habeas relief by order entered February 2, 2016. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner first argues that he was entitled to habeas relief due to trial counsel's ineffective representation. Specifically, petitioner argues that counsel failed to provide him with the State's evidence, adequately investigate his case, seek a bail reduction, request a psychological exam or competency exam, advise him that he could receive consecutive sentencing, and file a notice of appeal.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

Petitioner first claims that counsel failed to provide him with the State's evidence. During proceedings held on February 28, 2008,[2] petitioner's counsel informed petitioner that he had given petitioner all the evidence he had to give. Petitioner has not identified any evidence that counsel failed to provide him or, importantly, how such failure would have changed the outcome of the proceedings. Likewise, petitioner has failed to articulate what investigation counsel failed

---

[2]This hearing was initially held as a plea hearing. During the plea colloquy, however, petitioner informed the circuit court that he no longer wished to plead guilty. The circuit court concluded the proceedings without accepting the plea.

to pursue or what evidence counsel failed to discover that would have changed the outcome of the proceedings. Thus, we find that the circuit court's findings that counsel was not ineffective and that, even if ineffectiveness could be presumed, the proceedings would not have been different are not clearly erroneous.

Next, petitioner claims that counsel failed to seek a reduction in bail. At the February 28, 2008, hearing, counsel stated that he chose not to ask the court for a bail reduction because the prosecuting attorney indicated that he would object to it and because petitioner "had no money with which to post a bail with so it would have been a useless motion." "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W.Va. 640, 643, 203 S.E.2d 445, 449 (1974). Counsel considered moving for a bail reduction but ultimately determined such motion to be fruitless. Consequently, the circuit court's conclusion that counsel did not render ineffective assistance in this regard is not clearly erroneous.

Petitioner also claims that counsel should have sought a psychological evaluation or competency examination. This claim stems from the fact that petitioner sought treatment around the time of his arrest for a nervous breakdown that resulted from the investigation into his unlawful conduct. The record reflects that, at the February 28, 2008, hearing, petitioner asserted that neither the treatment nor the medication prescribed (an anti-depressant) affected his ability to understand the proceedings. In fact, petitioner even corrected the circuit court when it misstated the sentence for sexual assault in the first degree. At that time, the circuit court recognized petitioner's mental health issue but concluded that petitioner was prescribed an anti-depressant that was not a controlled substance. Therefore, the circuit court's conclusion that counsel was not ineffective for failing to request a psychological or competency evaluation under these circumstances is not clearly erroneous.

Petitioner asserts further that counsel failed to advise him that he could receive consecutive sentences. However, the record reflects that, at petitioner's plea hearing on June 16, 2008, he was advised at least twice that his sentences were going to be consecutive and not concurrent. Petitioner stated each time that he understood. The circuit court even explained that consecutive sentencing meant that he had "to serve one before you get the other. When you get one done, you go to the next one and then the next one to determine parole eligibility. Do you understand that?" Petitioner responded, "Yes, sir, I do." Based upon these findings, the circuit court concluded that counsel was not ineffective and that, even if ineffectiveness could be presumed, the results of the proceedings would not have been different. We find that the circuit court's conclusion is not clearly erroneous.

Petitioner's last allegation of ineffective assistance of counsel concerns counsel's failure to file a notice of appeal. In March of 2012, the circuit court denied petitioner's motion for resentencing, which he requested so that he could file an appeal. Petitioner appealed the denial of his motion for resentencing to this Court, and we affirmed the circuit court's decision. *State v. W[.]*, No. 12-0509, 2013 WL 2157774 (W.Va. May 17, 2013)(memorandum decision). In affirming the circuit court's decision, we acknowledged that "a criminal defendant has the right

to petition for an appeal of his conviction" and "the right to appeal cannot be destroyed by counsel's failure to perfect an appeal." *Id.* at *3 (citations omitted). But, "'[a]n appeal ordinarily does not lie in a criminal case from a judgment or conviction rendered upon a plea of guilty.'" *Id.* (quoting *State v. Sims*, 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978)). Following entry of a guilty plea, a direct appeal "'will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence.'" *W[.]* at *3 (quoting *Sims*, 162 W.Va. at 215, 248 S.E.2d at 837.) Although petitioner failed to set forth what his grounds on appeal would be, we found that petitioner's plea was voluntary and that he did not challenge the jurisdiction of the court or the legality of the sentence. *See W[.]* at *2. Because he failed to raise any ground that would be available to him on appeal, we found no compelling reason to reverse the circuit court's decision. *See id.* In the instant matter, petitioner again fails to articulate what grounds he would raise on appeal. Having previously found that petitioner failed to raise any viable grounds for appeal, and because petitioner has again failed to articulate what grounds he would raise on appeal or how such appeal would have altered the outcome of his case, we find that the circuit court's conclusion that petitioner has failed to establish that the proceedings would have been different is not clearly erroneous.

Petitioner's next assignment of error concerns the voluntariness of his plea. Petitioner contends that the circuit court accepted his guilty plea "despite his lack of education, recent mental treatment, continued consumption of Trazadone, and the Prosecuting Attorney's use of inadmissible evidence to intimidate and push [him] to enter the guilty plea." Petitioner also asserts that, although the circuit court inquired into his mental status and medication history at the February 28, 2008, hearing, it failed to do so at the time his plea was taken on June 16, 2008. We find no error. The record reflects that at the June 16, 2008, plea hearing, the circuit asked petitioner to "[t]ell me what you understand your bargain is." Petitioner recounted that he was "going to plead guilty to a five to twenty-five and two ten to twenties." Petitioner also provided a factual basis for his plea. Petitioner was informed of his rights and responded that he understood that he was waiving rights in exchange for his plea bargain. When asked whether anyone had threatened, pressured, or intimidated him into pleading guilty, he responded, "No, sir." Respondent further agreed that he was pleading guilty freely, voluntarily, and with knowledge of the consequences. The circuit court found that he entered his plea freely and voluntarily, just as we found in his previous appeal to this Court. Consequently, these findings were not clearly erroneous.

Finally, petitioner argues that the lower court erred in failing to grant him an evidentiary hearing and in failing to set forth findings of fact and conclusions of law concerning the same. Rule 9(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia provides that

> [i]f the petition is not dismissed at a previous stage in the proceeding, the circuit court, after the answer is filed, shall, upon a review of the record, if any, determine whether an evidentiary hearing is required. If the court determines that an evidentiary hearing is not required, the court shall include in its final order specific findings of fact and conclusions of law as to why an evidentiary hearing was not required.

4

The circuit court's order clearly addressed all grounds raised by petitioner and explained why the grounds lacked merit. The circuit court's order does not specify why an evidentiary hearing was not required; however, we have previously acknowledged that "[m]ost errors, including constitutional ones are subject to harmless error analysis." *State ex rel. Waldron v. Scott*, 222 W.Va. 122, 126, 663 S.E.2d 576, 580 (2008) (internal quotations and citation omitted). In *Waldron*, we found that the circuit court's failure to include the Rule 9(a) findings amounted to harmless error because the circuit court addressed each of the grounds raised leaving no question as to why an evidentiary hearing was denied. *Id.* We find the error here to be equally harmless.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 5, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5